**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

KRYSTAL HILL, on behalf of herself
individually and all others similarly situated,

Plaintiffs,

vs.                                                                    Case No.:

7500 BLIND PASS CORPORATION d/b/a
MERMAIDS GNETLEMEN'S CLUB, a
Florida Profit Corporation and RICHARD
JACOBSON, individually,

Defendants,

_____/

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, KRYSTAL HILL (hereinafter "Plaintiff" or "HILL"), on behalf of herself

individually and others similarly situated, by and through the undersigned counsel brings this class

action complaint against 7500 BLIND PASS CORPORATION d/b/a MERMAIDS

GNETLEMEN'S CLUB, a Florida Profit Corporation, and RICHARD JACOBSON, individually,

(hereinafter "DEFENDANTS") and states as follows:

### I.    INTRODUCTION

1.      DEFENDANTS own and operate a strip club called Mermaids Gentlemen's Club

in Hillsborough County, Florida.

2.      DEFENDANTS miscategorized HILL and other entertainers/dancers who work at

their Mermaids Gentlemen's Club as independent contractors and required them to pay to come to

work.

3.      DEFENDANTS' class-wide misclassification and unlawful pay practices result in HILL and other entertainers/dancers making less than minimum wage, in violation of Federal and Florida state law.

## II.      JURISDICTION AND VENUE

4.      Federal Jurisdiction in this matter is proper under 28 U.S.C. § 1331 under Federal Question Jurisdiction as the claims alleged arise under the Federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

5.      This Court properly confers jurisdiction over interrelated Florida state law claims arising from the same facts and events under 28 U.S.C. 1367.

6.      Venue in the United States District Court for the Middle District of Florida under 28 U.S.C. § 1391 because the events and omissions giving rise to the claims in this action occurred at DEFENDANTS' Mermaids Gentlemen's Club in Hillsborough County, Florida.

7.      Prior to bringing a claim for unpaid minimum wages, HILL notified DEFENDANTS, in writing, of an intent to initiate such an action.

8.      Plaintiff served notice on Defendants notifying them of her intent to file this class action on January 6, 2020. *See* **Exhibit A**.

9.      Following DEFENDANTS' receipt of HILL's pre-litigation notice, DEFENDANTS failed to pay HILL unpaid wages and damages sought in this action.

10.      During the Relevant Liability Period, DEFENDANTS have been an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the Florida Constitution's regulations on minimum wage.

11.      During the relevant period, DEFENDANTS had gross revenue and sales exceeding $500,000.00, sold beer, wine, spiritous beverages, colas, and food that passed in interstate

commerce and/or moved through commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

12.     At all times during the relevant period, DEFENDANTS each qualified as employers for HILL and all other entertainers/dancers at the Mermaids Gentlemen's Club under the FLSA and Florida state law.

13.     At all times during the relevant period, HILL and all other entertainers/dancers at the Mermaids Gentlemen's Club, qualified as DEFENDANTS' employees under the FLSA and Florida state law.

14.     By acting as the named plaintiff in this action, HILL affirms her consent to participate as class representative on behalf of the below identified described class and as a plaintiff in a collective action seeking relief under the FLSA.

### III.     PARTIES

15.     HILL is an individual resident of St. Petersburg, Florida.

16.     HILL worked as an entertainer at 7500 BLIND PASS CORPORATION d/b/a MERMAIDS GENTLEMEN'S CLUB from November 2018 through about September 2019.

17.     The Class Members are all of DEFENDANTS' current and former entertainers/dancers who worked at Mermaids at any time during the five years prior to the filing of this Complaint up to the present.

18.     At all times relevant to this complaint (2015-2020), 7500 BLIND PASS CORPORATION d/b/a MERMAIDS GENTLEMEN'S CLUB, an entertainment club that engages in the business of entertaining its patrons with nude and/or semi-nude dancing and alcohol.

19.     At all times relevant to the action, RICHARD JACOBSON was the Director, President and Secretary of DEFENDANTS' Mermaids Gentlemen's Club.

20.     At all times relevant to this action, JACOBSON had the authority to hire/fire individuals who worked for or at DEFENDANTS' Mermaids Gentlemen's Club.

21.     On information and belief, JACOBSON participated substantially in the decision to classify all dancers/entertainers at DEFENDANTS' Mermaids Gentlemen's Club as independent contractors.

22.     On information and belief, JACOBSON participated substantially in the decision not to pay wages to dancers/entertainers who worked and/or performed at DEFENDANTS' Mermaids Gentlemen's Club.

23.     At all times relevant to this action, JACOBSON, individually, managed and supervised the day-to-day operations of DEFENDANTS' Mermaids Gentlemen's Club.

24.     On information and belief, at all times relevant, JACOBSON was in charge of the financial decisions of and for DEFENDANTS' Mermaids Gentlemen's Club.

25.     As a result, JACOBSON, individually, qualified as an "employer" for HILL and other dancers/entertainers at DEFENDANTS' Mermaids Gentlemen's Club, as the term is defined under the FLSA and Florida Minimum wage laws.

## IV.     FACTUAL ALLEGATIONS

26.     At all times for five years prior to the filing of the instant complaint, DEFENDANTS have employed entertainers/dancers at Mermaids Gentlemen's Club.

27.     At all times for the five years prior to the filing of the instant complaint, DEFENDANTS have categorized all entertainers/dancers working at Mermaids as "independent contractors."

28.     At all times for five years prior to the filing of the instant complaint, DEFENDANTS did not require entertainers/dancers to have any specialized training or background.

29.     DEFENDANTS did, however, require entertainers/dancers to dance at specified times and in a specified manner on stage and for customers; regulated entertainers/dancers' attire and interactions with customers; supervised and regulated the work duties performed by entertainers/dancers within the club; controlled and adjusted, as necessary, the internal atmosphere operations; and financed all advertising efforts undertaken on behalf of the Mermaids Gentlemen's Club.  HILL was subjected to and directly affected by the policies and management-related decisions made exclusively by DEFENDANTS outlined in this paragraph.

30.     At all times for the five years prior to the filing of the instant complaint, DEFENDANTS required entertainers/dancers, including HILL, to pay a specific amount, often referred to as a "house fee" or a "stage fee" in order to work on any given shift.

31.     The specific amount entertainers/dancers, including HILL, were required to pay has varied over the last five years, but has generally been at least $25.00 per shift.

32.     At all times for the five years prior to the filing of the instant complaint, DEFENDANTS implemented and carried out policies requiring entertainers/dancers, including HILL, to pay or share a portion of the tips or gratuities they received while working or performing at the club to DEFENDANTS' managers or agents/assigns that were not customarily tipped employees working or performing at the club.

33.     The "house fee" or "stage fee" charged by DEFENDANTS constitutes an unlawful "kickback" to the employer within the meaning of the FLSA.

34.     HILL worked approximately eight (8) hours per shift and five (5) days per week.

35.     DEFENDANTS have never paid HILL or any other entertainers/dancers any amount as an hourly wage.

36.     Instead, entertainers' source of work-related income is gratuities they receive from customers.

37.     DEFENDANTS knew, or showed reckless disregard for the fact, that it misclassified these entertainers/dancers as independent contractors, and accordingly failed to pay these entertainers/dancers the minimum wage and failed to pay overtime at the required rate under the FLSA.

## V.     CLASS REPRESENTATION ALLEGATIONS

38.     HILL re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 37.

39.     Pursuant to Federal Rule 23, HILL bring this action on behalf of herself and a class of all other persons similarly situated and defined as follows:

> **All entertainers/dancers who have worked at Mermaids between the last five (5) years immediately preceding the filing of this complaint through the date of the Order certifying this case as a class action**.

40.     This action is properly maintainable as a class action pursuant to Federal Rule 23.

41.     This action has been brought and may properly be maintained as a class action as it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements. HILL seeks to represent an ascertainable class with a well-defined community of interest in the questions of law and fact involved in this matter.

42.     Although the precise number of class members is unknown and can only be determined through appropriate discovery, HILL believes that the class defined in paragraph 39 is

sufficiently numerous that separate joinder of each member is impracticable as the class will be comprised of more than 50 absent class members.

43.     HILL's claims raise questions of law and fact common to each member of the class, which include, but are not limited to:

    a.   whether DEFENDANTS failed to pay entertainers/dancers a direct wage at least equal to Florida's minimum wage;

    b.   whether entertainers/dancers at Mermaids were misclassified as independent contractors;

    c.   whether entertainers/dancers at Mermaids were required to share a portion of their tips with other employees, including employees who are not customarily and regularly tipped employees, and with management or other agents or assigns of DEFENDANTS;

    d.   whether DEFENDANTS retained a portion of entertainers/dancers' tips or gratuities; and

    e.   whether DEFENDANTS' conduct is in willful violation of Article X, Section 24 of the Florida Constitution.

44.     The claims asserted by the HILL in this action are typical of the claims of the members of the putative Class, as the claims arise from the same course of conduct by the DEFENDANTS and the relief sought is common.   All members of the class, worked as entertainers/dancers at Mermaids, were denied the Florida minimum wage due to DEFENDANTS' misclassification of entertainers/dancers as independent contractors, and were required to share tips with other employees and with management.

45.     HILL will vigorously pursue the claims alleged herein on behalf of herself individually and other similarly situated entertainers/dancers.  She has no adverse interests to the proposed absent class members because she asserts the same claims under the same provisions of the Florida Constitution and seeks the same relief as would the absent class members if each were to bring a similar action individually. Further, HILL will adequately protect and represent the interests of each absent class member. Counsel who brings this action for the HILL and the proposed class are experienced in class action practice and procedure.

46.     The prosecution of separate claims or defenses by or against individual dancers of the class would create a risk of either inconsistent or varying adjudications concerning individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

47.     DEFENDANTS have acted or refused to act on grounds generally applicable to all the dancers, thereby making final injunctive relief or declaratory relief concerning the class appropriate.

48.     Certification of the Class is appropriate pursuant to Federal Rule 23 because questions of law or fact common to the respective members of the Class predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims including consistency of adjudications. Absent a class action it would be highly unlikely that the members of the Class would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed the expected recovery.

49.     Class representation is superior to other available methods for the fair and efficient adjudication of the controversy for a number of reasons including, but not limited to, the following:

(1) the case challenges the policy of a large employer and many employees may be reluctant to bring claims individually for fear of retaliation; (2) some class members may have only worked for DEFENDANTS for a short period of time and their individual damages would not be substantial enough to be worth the effort of bringing individual claims; (3) class members do not have the resources to bring their claims individually; and (4) it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense, and the burden of the courts that individual actions would create.

## V.  FLSA COLLECTIVE ACTION ALLEGATIONS

50.    Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1 through 49.

51.    HILL brings her FLSA Count of the instant Complaint as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all similarly situated employees as follows:

**All entertainers/dancers who have worked at Mermaids between the last three (3) years immediately preceding the filing of this complaint through the date of the Order certifying this case as a collective action**

52.    Similarly situated employees, for purposes of the FLSA collective action claims, include individuals who have worked for DEFENDANS at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b), who provided exotic dancing services to DEFENDANTS at the Mermaids Gentlemen's Club, and performed such service while classified by DEFENDANTS as independent contractors, and who have not been paid minimum compensation as required by the FLSA.

53.    As DEFENDANTS' failure to pay HILL and other similarly situated individuals was a direct result of DEFENDANTS' unlawful class-wide misclassification effecting all current

9

and former exotic dancers at DEFENDANTS' Mermaids Gentlemen's Club, HILL requests that she be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

### VII. <u>COUNT I - FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA</u>

54.     Named Paragraphs 1-53 are incorporated by reference as if fully set forth herein.

55.     Pursuant to the FLSA, 29 U.S.C. § 206, employers must pay non-exempt employees a minimum wage per hour for all hours worked.

56.     At all times relevant to this action, DEFENDANTS were HILL's employer under the definitions set forth in the FLSA.

57.     At all times relevant to this action, HILL was DEFENDNATS' employee under the definitions set forth in the FLSA.

58.     At all times relevant to this action, DEFENDANTS failed to pay HILL minimum wage compensation as required by the FLSA.

59.     At all times relevant to this action, DEFENDANTS unlawfully kept and/or assigned tips and gratuities HILL received from customers.

60.     At all times relevant to this action, DEFENDANTS unlawfully charged HILL a per-shift kickback of $25.00 or more per shift.

61.     DEFENDANTS now owe HILL a return of all unlawfully deducted and/or assigned tips and gratuities plus payment of minimum wage compensation at the free and clear rate of $7.25 per hour for all hours HILL worked, without any credit for the tips received by HILL.

62.     On information and belief, at all times relevant to this action, DEFENDANTS had actual knowledge that exotic dancers at the Mermaids Gentlemen's Club were employees and were not independent contractors under the FLSA.

63.     On information and belief, at all times relevant to this action, DEFENDANTS had actual knowledge that HILL and other exotic dancers at the Mermaids Gentlemen's Club should have been paid free and clear minimum wage compensation for all hours worked each week.

64.     DEFENDANTS' conduct, as alleged above, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), which permits the recovery of unpaid minimum wages for up to three (3) years, rather than two (2) years.

65.     Similarly, for the reasons stated above, DEFENDANTS cannot affirmatively defend their failure to pay the appropriate minimum wage rate as having been done in good faith, entitling HILL to liquidated damages in an amount equal to the amount of unpaid wages under 29 U.S.C. § 216(b).

**VII.   COUNT II  - FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION**

66.     Paragraphs 1-49 are incorporated by reference as if fully set forth herein.

67.     At all times relevant to this action, DEFENDANTS were HILL's employer under the definitions set forth in the Article X, Section 24 of the Florida Constitution.

68.     At all times relevant to this action, HILL was DEFENDNATS' employee under the definitions set forth in the Article X, Section 24 of the Florida Constitution.

69.     At all times relevant to this action, DEFENDANTS failed to pay HILL minimum wage compensation as required by the Article X, Section 24 of the Florida Constitution.

70.     This claim arises from DEFENDANTS' willful violation of Article X, Section 24 of the Florida Constitution for failing to pay entertainers/dancers at Mermaids the minimum wage required by Florida law due to DEFENDANTS' misclassification of HILL and all other entertainers/dancers as independent contractors and by requiring that they share their tips with employees who do not customarily and regularly receive tips and with management. The minimum

wage requirement must be satisfied "free and clear" of any deductions or "kickbacks." This claim is brought on behalf of a class of similarly situated individuals pursuant to Federal Rule 23.

71.     As a direct and proximate result of DEFENDANTS' deliberate underpayment of wages, HILL and other similarly situated individuals have been damaged in the loss of minimum wages for one or more weeks of work with DEFENDANTS.

72.     On or about January 6, 2020, HILL, through counsel, served a letter on DEFENDANTS' counsel demanding payment for unpaid minimum wages. *See* **Exhibit A**.

73.     To date, DEFENDANTS have failed to make payment in accordance with the same.

## PRAYER FOR RELIEF

WHEREFORE, HILL requests that this Court enter the following relief:

a.  Certification of this case as a class action pursuant to Federal Rule 23.

b.  Certification of this case as a collective action pursuant to FLSA section 216(b).

c.  Designation of HILL as representative of the class and HILL's counsel as Class Counsel.

d.  Designation of HILL as representative of the collective action and HILL's counsel as counsel for the collective.

e.  A finding that, during the Relevant Liability Period, DEFENDANTS violated Article X, Section 24 of the Florida Constitution by failing to pay HILL and members of the class the minimum wage as required by Florida law.

f.  A finding that, during the Relevant Liability Period, DEFENDANTS violated the FLSA by failing to pay HILL and other members of the collective action minimum wage compensation as required by the FLSA.

g.  A finding that, during the Relevant Liability Period, DEFENDANTS acted willfully in violating Article X, Section 24 of the Florida Constitution by failing to pay HILL and members of the class the minimum wage required by Florida law.

h.  A finding that, during the Relevant Liability Period, DEFENDANTS acted willfully in violating the FLSA by failing to pay HILL and other members of the collective action minimum wage compensation as required by the FLSA.

i.  A finding that the statute of limitations under Article X, Section 24 of the Florida Constitution for HILL and members of the class is five years because of the DEFENDANTS' willful violation of Article X, Section 24 of the Florida Constitution.

j.  A finding that the statute of limitations under the FLSA for HILL and members of the collective action is three (3) years because of DEFENDANTS' willful violation of the FLSA.

k.  An award to HILL and members of the class of a return of unlawfully deducted and assigned tips and payment of free and clear unpaid minimum wages during the Relevant Liability Period under Article X, Section 24 of the Florida Constitution.

l.  An award to HILL and members of the collective action of a return of unlawfully deducted and assigned tips and payment of free and clear unpaid minimum wages during the Relevant Liability Period under the FLSA.

m.  An award to HILL and members of the class of liquidated damages equal to the unlawfully deducted tips and free and clear unpaid minimum wages under the

Article X, Section 24 of the Florida Constitution or, if liquidated damages are not awarded, then prejudgment interest.

n.   An award to HILL and members of the collective action of liquidated damages equal to the unlawfully deducted tips and free and clear unpaid minimum wages under the FLSA or, if liquidated damages are not awarded, then prejudgment interest.

o.   An award to HILL and members of the class of reasonable attorneys' fees and costs; and

p.   An award of such other and further relief as this Court may deem appropriate.

Dated this 5th day of February 2020.

Respectfully submitted,

**_s/ Carlos V. Leach___**
Carlos V. Leach, Esq.
Florida Bar No: 0540021
Louis Montone, Esq.
Florida Bar No.: 0112096
THE LEACH FIRM, P.A.
631 S. Orlando Avenue Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@theleachfirm.com
Email: lmontone@theleachfirm.com
Email: yhernandez@theleachfirm.com

**Gregg C. Greenberg, Esq.**
(to be admitted Pro Hac Vice)
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: (301) 587-9373
Facsimile: (240) 839-9142
Email:  ggreenberg@zagfirm.com

**_Attorneys for Plaintiffs_**