**EXHIBIT A**

# ZIPIN, AMSTER & GREENBERG, LLC

## ATTORNEYS AT LAW

8757 GEORGIA AVENUE, SUITE 400
SILVER SPRING, MD 20910
WWW.ZAGFIRM.COM

TELEPHONE (301) 587-9373
FACSIMILE (240) 839-9142

PHILIP B. ZIPIN *
MICHAEL KINGSTON AMSTER *
GREGG C. GREENBERG * †
ROY LYFORD-PIKE
MARIUSZ KURZYNA * • ¥
ANTHONY G. BIZIEN
MATEO FORERO ∆
REBECCA N. STRANDBERG, OF COUNSEL *

\* ALSO LICENSED IN WASHINGTON D.C.
† ALSO LICENSED IN VIRGINIA
• ALSO LICENSED IN NEW YORK
¥ ALSO LICENSED IN CONNECTICUT
∆ LICENSED IN ALABAMA ONLY

FOR SETTLEMENT PURPOSES ONLY

November 1, 2019

**BY FAX (813) 258-3558 AND BY FIRST CLASS MAIL**
Michael Sierra, Esq., Registered Agent
703 W. Swann Avenue
Tampa, Florida 33606

>        Re:     *Claim for Unpaid Wages by Misclassified Exotic Dancer*

Mr. Sierra

I am writing you directly because you are identified with the State of Florida as the Registered Agent on behalf of 7500 Blind Pass Corporation d/b/a Mermaids Gentlemen's Club. Please take prompt steps to deliver this letter to the appropriate agent or officer on behalf of Mermaids Club.

My law firm represents Krystal Hill, a former exotic dancer at Mermaids Club to prosecute her claims for unpaid wages and statutory liquidated damages against Mermaids Club and its ownership, individually.

The claims Ms. Hill intends to bring against Mermaids Club and its ownership and are substantially similar to those claims successfully prosecuted by current and former exotic dancers against gentlemen's clubs like Mermaids Club across the country. *See e.g., Verma v. 3001 Castor, Inc.*, 937 F.3d 221 (3rd Cir. August 30, 2019); *McFeeley v. Jackson Street Entm't, LLC*, 825 F.3d 235 (4th Cir. 2016); *Reich v. Circle C. Invest., Inc.*, 998 F.2d 324 (5th Cir. 1993).

So that I may calculate a fair and reasonable settlement proposal for Ms. Hill, it is my request that on or before the close of business on Friday, November 22, 2019, Mermaids Club produce to me:

1.      All records relating to or documenting Ms. Hill's dancer relationship with Mermaids Club;

2      All time and/or dance and/or attendance records for Ms. Hill; and



Michael Sierra, Esq.
*Re: Wage Claim against Mermaids Club*
November 1, 2019
Page 2 of 2

3.    All records of all payments by Ms. Hill to Mermaids Club for any purpose.

Should Mermaids Club fail or refuse to produce the requested documents, I will assume it has no interest in a pre-litigation resolution and I will proceed forward to prosecute Ms. Hill's claims, with the assistance of local counsel.

**Finally, should Mermaids Club fail to produce a valid and binding arbitration agreement signed by Ms. Hill by Friday, November 22, 2019, I will consider Mermaids Club to have knowingly and intentionally waived its right to compel arbitration.**

This matter is time sensitive.  Please contact me on my direct office line (301) 830-4116 as soon as possible.

Very truly yours,

Gregg C. Greenberg

# ZIPIN, AMSTER & GREENBERG, LLC

## ATTORNEYS AT LAW

8757 GEORGIA AVENUE, SUITE 400
SILVER SPRING, MD 20910
WWW.ZAGFIRM.COM

TELEPHONE (301) 587-9373
FACSIMILE (240) 839-9142

PHILIP B. ZIPIN *
MICHAEL KINGSTON AMSTER *
GREGG C. GREENBERG * †
MARIUSZ KURZYNA * • ¥
ROY LYFORD-PIKE
GIOVANNA MILLER
MATEO FORERO △
ANTHONY G. BIZIEN, OF COUNSEL
REBECCA N. STRANDBERG, OF COUNSEL *

* ALSO LICENSED IN WASHINGTON D.C.
† ALSO LICENSED IN VIRGINIA
• ALSO LICENSED IN NEW YORK
¥ ALSO LICENSED IN CONNECTICUT
△ LICENSED IN ALABAMA ONLY

FOR SETTLEMENT ONLY

January 6, 2020

**BY FAX (813) 258-3779 AND BY FIRST CLASS MAIL**
Michael Sierra, Esq.
Michael Sierra, P.A.
703 West Swann Avenue
Tampa, Florida 33606

  *Re: Krystal Hill v. Mermaids Gentlemen's Club*

Dear: Mr. Sierra:

  Thank you for your response.

  In responding to your requests, I have attached a copy of Ms. Hill's driver's license and herein advise that her Social Security Number ends the last four digits: 5783.[1] The other relevant details of Ms. Hill's claim are as follows:

---

[1] You have requested certain tax documents. We will not provide these now nor at any time should litigation occur in this matter. *See Susko v. City of Weirton*, 2010 U.S. Dist. LEXIS 95103, at *3 (N.D. W.Va. 2010) ("Judicial consensus exists that, as a matter of policy, great caution should be exercised in ordering the disclosure of tax returns"). The Court may only order the production of a plaintiff's tax returns if they are relevant **and** when there is a compelling need for them because the information sought is not otherwise available. *Gattegno v. PriceWaterhouseCoopers, LLP*, 205 F.R.D. 70, 71-72 (D. Conn. 2001). Here, Mermaids has no actual need for tax records as Mermaids is in possession of any records related to Ms. Hill's hours worked and compensation paid by Mermaids to Ms. Hill in exchange for the same. But, Mermaids, through you, has chosen a pointed inquiry into Ms. Hill's tax documents to dissuade Ms. Hill from prosecuting her claims. I will not permit Mermaids to employ this strategy.

Michael Sierra, Esq.
*Re: Hill v. Mermaids*
January 6, 2020
Page **2** of **4**

1.      Ms. Hill, under the dancer name "Kay," was employed by Mermaids as an exotic dancer during the period of about November 2018 through about August 2019 - - with a break from June 2019 through July2019, for a total of about thirty-two (32) compensable weeks.

2.      While employed, the exact number of shifts Ms. Hill worked varied slightly from week to week.   Typically, Ms. Hill worked five (5) shifts per week from about 4:00 PM to about 12:00 AM; about forty (40) hours per week.

3.      Mermaids misclassified Ms. Hill as an independent contractor and paid her no money for hours worked.

4.      Mermaids subjected Ms. Hill to mandatory fines, fees, and surcharges including a mandatory per-shift house fee and other mandatory payments to club managers and bartenders.

5.      Mermaids unlawfully took and assigned portions of Ms. Hill's tips received from customers each shift.

6.      Ms. Hill's claims are nearly identical to the claims of other similarly situated exotic dancers that work or worked at Mermaids during the three-year statutory recovery period.  As such, Ms. Hill and each class member is entitled to recover unpaid wages, unlawfully deducted or assigned tips/moneys, statutory liquidated damages, and attorney's fees and costs under the Federal Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act, Fla. Const. art. X § 24 and Fla. Stat. § 448.110.

7.      While Ms. Hill and others may have signed so-called independent contractor agreements, such documents are meaningless in determining status as employee under the applicable standards.  Ms. Hill and other similarly situated dancers were unquestionably statutory employees under the FLSA and Florida law under the economic reality factors regularly and customarily applied in cases like this. *Harrell v. Diamond A Entm't, Inc.,* 992 F. Supp. 1343, 1353 (M.D. Fla. 1997); *Shaw v. Set Enters.,* 241 F. Supp. 3d 1318 (D.S.F. 2017).

Applying the foregoing, the current settlement value (and this will grow with additional attorney's fees and costs incurred) of Ms. Hill's **individual claim** is at or about $37,957.60, calculated as follows:

Michael Sierra, Esq.
*Re: Hill v. Mermaids*
January 6, 2020
Page **3** of **4**

| Total Weeks of Employment | Average Shifts Per Week | Average Hours Per Shift | Average Work Hours Per Week | Florida Minimum Wage | Pre-Kickback Min Wage Owed Per Week | Average Kickback Paid Per Shift (Fees/Fines/Tip Deductions/Sur charges) | Reduced Average Kickback Paid Per Week | Total Owed Per Week | Total Wages Owed |
|---|---|---|---|---|---|---|---|---|---|
| 32 | 5 | 8 | 40 | $8.46 | $338.40 | $40.00 | $200.00 | $538.40 | $17,228.80 |
| | | | | | | | Statutory Liquidated Damages | | $17,228.80 |
| | | | | | | | Attorney's Fees & Costs | | $3,500.00 |
| | | | | | | | **Current Individual Claim Value** | | **$37,957.60** |

Based on our investigation and information from our client, we believe Mermaids employs or employed approximately fifty (50) similarly situated exotic dancers during the 3-year recovery period. While some individuals may have claims substantially larger than Ms. Hill, we also believe that other dancers may have smaller claims. To this end, we estimate that Ms. Hill's individual claim is typical of the average claim of a current or former Mermaids exotic dancer.

Consequently, we believe the a fair settlement value of the **entire class claim** is $1,741,380.00 (($17,228.80 per class member in unpaid wages * 50 class members = $861,440.00) + (statutory liquidated damages in an equal amount ($861,440.00) + (attorney's fees and costs (($18,500.00 (including costs associated with a reasonable class administrator) = $1,741,380.00)

Alternatively, if Mermaids agrees to voluntarily provide my office with relevant pay, deduction, assignment, and time records for Ms. Hill and each putative class member, we would amend the offer above settlement proposals based on the information you provide.

As you know, Mermaids has been under a duty to preserve any relevant documents and electronically stored information which relates to my client's claims for minimum wage compensation. This includes any electronically stored information related to time clocks, time cards, schedules, register receipts, log-in records of my client, deductions, fees, fines, assignments, or any other relevant physically or electronically stored information. If this information is destroyed, Mermaids can be subject to sanctions under law.

Michael Sierra, Esq.
*Re: Hill v. Mermaids*
January 6, 2020
Page **4** of **4**


　　　　The above referenced individual and class settlement proposals will remain open for acceptance until the close of business on Friday, January 24, 2020.  Thereafter, my office will commence litigation with the assistance of licensed Florida counsel, Carlos Leach, Esq.

　　　　　　　　　　Very truly yours,

　　　　　　　　　　Gregg C. Greenberg

Enc.